ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Tuesday, February 28, 2017 2:57:43 PM
CASE NUMBER: 2017 CV 01035 Docket ID: 30598189
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **ADRIENNE A. KAPLAN, Individually** | : | **CASE NO.** _____ |
| **and as Executor of the Estate of** | : | |
| **HAROLD D. KAPLAN, deceased** | : | **JUDGE** _____ |
| **1139 Brookside Dr.** | : | |
| **Beavercreek, OH 45434** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **MIAMI VALLEY HOSPITAL** | : | |
| **c/o Dale E. Creech, Jr.** | : | |
| **Statutory Agent** | : | |
| **110 N. Main St.      Suite 900** | : | |
| **Dayton, OH 45402** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JOHN K. BINI, M.D.** | : | **COMPLAINT FOR MEDICAL** |
| **30 E. Apple St.      Suite 5253** | : | **NEGLIGENCE/WRONGFUL DEATH;** |
| **Dayton, OH 45409** | : | **JURY DEMAND** |
| | : | |
| **and** | : | |
| | : | |
| **WRIGHT STATE PHYSICIANS** | : | |
| **c/o Alex Marco, M.D.** | : | |
| **P O Box 1144** | : | |
| **Dayton, OH 45401** | : | |
| | : | |
| **and** | : | |
| | : | |
| **PATRICIA BRUNETT-WOLPERT CNP** | : | |
| **c/o Miami Valley Hospital** | : | |
| **One Wyoming St.** | : | |
| **Dayton, OH 45409** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JANE AND/OR JOHN DOES** | : | |
| **Who Are Nurses, Physicians** | : | |
| **and/or Other Health Care** | : | |

EXHIBIT 1

| | |
|---|---|
| **Providers Who Provided** | : |
| **Services to Marsha Grossman** | : |
| **Whose Identities are Not Known** | : |
| **at this Time but Shall Be** | : |
| **Ascertained Through Discovery** | : |
| | : |
| **Defendants.** | : |

_____

Now comes the Plaintiff, by and through counsel, and as and for his Complaint does hereby state the following:

## PARTIES

1. Plaintiff, Adrienne A. Kaplan, is the duly appointed administrator of the estate of Harold David Kaplan (hereinafter "Kaplan" and/or "Plaintiff's decedent", having been appointed same on February 7, 2017 by the Greene County Probate Court, Case No. 44546E

2. Plaintiff, Adrienne A. Kaplan, brings this action individually as the surviving spouse of Harold David Kaplan and on behalf to the Estate of Harold D. Kaplan.

3. Defendant, Miami Valley Hospital ("MVH"), is an Ohio corporation and a duly licensed hospital and/or clinic under the laws of the State of Ohio. Defendant Atrium through its agent(s), servant(s) and employee(s) was responsible for rendering appropriate care and treatment to Kaplan on or about March 21, 2016 and at various times previous thereto and thereafter.

4. At the time of the events that are the subject of this Complaint, MVH held itself out to the public as a provider of medical services, and, in the absence of notice or knowledge to the contrary, Plaintiff and Plaintiff's decedent, looked to the hospital, as opposed to the individual practitioner, to provide competent medical care.

5. Defendant John Bini, M.D. ("Bini") at all times relevant herein, was a physician licensed to practice medicine in the State of Ohio engaged in the practice of surgery in Dayton, Montgomery County, Ohio.

6. Defendant Wright State Physicians ("WSP"), at all times relevant hereto was a medical professional corporation for profit engaged in the business of rendering medical services to its patients with its place of business being located in Dayton, Montgomery County, Ohio.

7. At all times pertinent herein Defendant Bini was an employee, shareholder and/or agent of Defendant WSP.

8. Defendant Patricia Brunett-Wolpert CNP ("Brunett-Wolpert:") at all times relevant herein was a certified nurse practitioner licensed to practiced medicine engaged in the practice of nursing in Dayton, Montgomery County, Ohio.

2

9. At all times pertinent herein Defendant Brunett-Wolpert was an employee, shareholder and/or agent of Defendant MVH and/or Defendant WSP.

10. At all times pertinent herein Defendants Bini and Brunett-Wolpert acted as agents or ostensible agents of Defendant MVH.  MVH is estopped to deny agency.

11. At all times relevant herein, decedent Kaplan was a patient under the joint and several care of the Defendants.

## FIRST CAUSE OF ACTION
### (Medical Negligence)

12. Plaintiff incorporates all the foregoing paragraphs as is fully rewritten herein.

13. On or about March 21, 2016 Kaplan was admitted to MVH for the purpose of undergoing an embolization of a branch of the gastroduodenal artery.

14. The procedure was performed successfully by the interventional radiologist and Kaplan was transferred to the intensive care unit at approximately 2:34 p.m. and was placed on a vasopressin drip.

15. By 4:00 p.m. Kaplan's blood pressure had risen to 116/87 and his pulse and respirations were within normal limits.

16. At 7:00 p.m. Kaplan's blood pressure dropped to 89/61 and his pulse and respirations were outside of normal limits.

17. No physician was notified or appeared in response to the change in Kaplan's vital signs. The interventional radiologist who had performed the embolization was not notified of the change.

18. The last blood pressure recording by the nurses attending to Kaplan was taken at 8:00 p.m. No manual blood pressures were taken after that time.

19. At 8:34 p.m. Kaplan's pulse had risen to 123.  No physician was notified.

20. At 9:20 p.m. Brunett-Wolpert, without the knowledge or the permission of the Plaintiff, changed Kaplan's code status to a DNR Comfort Care.

21. At 10:00 p.m. Kaplan's arterial blood pressure was 69/51 and his pulse was 124.  No physician was notified.

22. At 11:00 p.m. Kaplan's arterial blood pressure was 45/31 and his pulse was 137.  No physician was notified.

23. At approximately 11:45 p.m. Defendant Bini spoke with Plaintiff and advised her that it was his opinion that the bleeding had started again and that while he could take Kaplan to surgery and try and control the bleeding, he guaranteed Plaintiff that her husband would not make it through surgery and advised her to take no action.

24. At 11:57 p.m. Kaplan was found without a pulse and Brunett-Wolpert was notified.

25. Kaplan was pronounced dead at 12:22 a.m. on March 22, 2016.

26. Following Kaplan's death Defendant Bini refused to sign the death certificate resulting in the funeral home having to contact the Montgomery County Coroner's Office on April 18, 201, in order to have the death certificate signed so that Kaplan could be buried.

27. The Montgomery County Coroner, Kent Harshbarger, M.D., signed Kaplan's death certificate on April 22, 2016, one month after his death.

28. Plaintiff states that Defendants, jointly and severally, departed from the accepted standards of medical care in failing to properly, monitor, diagnose and treat Plaintiff's decedent, which negligence and departures from the accepted standards of medical care resulted in the injuries and damages to the Plaintiff as pled herein.

29. Plaintiff states that as a direct and proximate result of the Defendants' joint and several departures from the accepted standards of medical care, their wrongful conduct and malpractice as aforesaid, the Plaintiff's decedent, Harold Kaplan, sustained severe and permanent injuries, that her injuries were disabling and permanent and resulted in his death on or about March 22, 2016; that he was permanently deprived of his ability to enjoy life; that he suffered mental anguish and emotional distress; and that he suffered a permanent loss of earnings and earning capacity.

30. Further pleading, Plaintiff states that as a direct and proximate result of the Defendant's joint and several negligence and departures from the accepted standards of medical care, their wrongful conduct and malpractice, as aforesaid, the Plaintiff's decedent, prior to his death was required to submit to numerous and extensive medical treatment, surgeries, x-rays, and examinations, that he incurred medical expenses in an amount yet to be determined; that he incurred a permanent loss of income; and that he suffered loss of his life.

31. Further pleading, Plaintiff states that as a direct and proximate result of the Defendants' joint and several negligence, recklessness, wantonness, willfulness, and departures from the accepted standards of medical care, their wrongful conduct and malpractice as aforesaid, that the Plaintiff's decedent suffered great physical pain of the body and suffering of the mind and a permanent loss of enjoyment of life.

## <u>SECOND CAUSE OF ACTION</u>
### (Wrongful Death)

32. Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

4

33. Plaintiff states that as a direct and proximate result of the negligence, recklessness, wantonness, willfulness, and medical malpractice of the Defendants, jointly and severally, Plaintiff's decedent met his death on March 22, 2016.

34. The Plaintiff's decedent left surviving him a wife, two adult sons, and other next-of-kin for whose benefit this action is brought.

35. As a direct and proximate result of the wrongful conduct and medical malpractice of the Defendants, jointly and severally, the decedent's husband, children, and other next-of-kin, have been deprived of the decedent's loss of support, loss of services, loss of society, loss of companionship, loss of consortium, loss of care, loss of assistance, loss of attention, loss of protection, loss of advice, loss of guidance, loss of counsel, loss of instruction, loss of training, loss of education, loss of prospective inheritance, and have suffered emotional trauma and mental anguish by reason of the wrongful death of the decedent.

36. Plaintiff has incurred funeral expenses in an amount yet to bet determined by reason of the wrongful death of decedent.

### THIRD CAUSE OF ACTION
### (Survivorship)

37. Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

38. As a direct and proximate result of the joint and several wrongful conduct of the Defendants, the Plaintiff's decedent suffered severe and permanent injuries, resulting in his death.

39. As a direct and proximate result of the joint and several wrongful conduct of the Defendants, the Plaintiff's decedent suffered a complete loss of enjoyment of life.

40. As a direct and proximate result of the joint and several wrongful conduct of the Defendants, as aforesaid, the Plaintiff's decedent suffered extreme pain, suffering, mental anguish, intentional/negligent infliction of emotional distress, and a loss of income and earning capacity in an amount yet to be determined.

### FOURTH CAUSE OF ACTION
### (Loss of Consortium)

41. Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

42. Adrienne A. Kaplan is the wife of decedent, Harold D. Kaplan.

43. As a direct and proximate result of the joint and several wrongful conduct of the Defendants, as aforesaid, Adrienne A. Kaplan permanently lost the services, companionship, society, and consortium of her husband, Harold D. Kaplan.

## FIFTH CAUSE OF ACTION
### (Negligent/Intentional Emotional Distress)

44.  Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

45.  As a direct and proximate result of the joint and several wrongful conduct of the Defendants, the heirs of Kaplan have suffered extreme mental anguish and emotional distress, and due to the death of Plaintiff's decedent, the heirs shall continue to suffer extreme mental anguish and emotional distress for the rest of their lives.

## SIXTH CAUSE OF ACTION
### (Lack of Informed Consent)

46.  Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

47.  Defendants failed to obtain informed consent to the material risks and dangers inherent in the proposed medical care of Kaplan.

48.  Defendants materially, fraudulently and intentionally misrepresented the inherent risks and complications of the treatment available to Kaplan.

49. Defendant Bini did not inform Plaintiff of all possible forms of treatment available.

50.  The complications and risks that were not disclosed occurred and proximately caused Plaintiff's  injuries and damages.

51.  The Plaintiff would not have consented had the risks and complications been disclosed by Dr. Bini.

52.  A reasonable person in the position of the Plaintiff would not have decided on the course of treatment recommended had the material risks and dangers inherent and incidental to the treatment been disclosed.

## SEVENTH CAUSE OF ACTION
### (Misrepresentation)

53.  Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

54.  The representations and/or concealments made by Defendant Brunett-Wolpert concerning the change in code status were done negligently, with gross negligence, recklessly, willfully, intentionally and/or wantonly and were false.

55. The misrepresentations were material care and treatment of Kaplan.

6

56.  The misrepresentations and concealments proximately caused injury and damages to the Plaintiff.

## EIGHTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

57.  Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

58.  The joint and several conduct of the Defendants was such as to justify a special reliance and relationship between Plaintiff and Defendants and Plaintiff did so rely, trust and establish a special relationship which was fiduciary.

59.  The Defendants, jointly and severally, breached the fiduciary relationship with the Plaintiff and duties attendant thereto.

60.  As a proximate result of the breach of fiduciary duties, the Plaintiff suffered injuries and damages a pled herein.

## NINTH CAUSE OF ACTION
### (Declaratory Relief)

61.  Plaintiff incorporates all foregoing paragraphs as if fully rewritten herein.

62.  Plaintiff prays that the Court issue a declaratory relief and an order pursuant to R.C. 2721.01, et seq., Civil Rules 1,2,7,8,9,10,11,12,13,14,15,16,17,18,19,19.1, 20, 21,22, 23, 26-37, 38, 39, 41, 42, 47, 48, 49, 50, 51, 54, 55, 56, 57, 58, 59, and 60 and the unlawful provisions of the Ohio Medical Malpractice Acts, as amended, and "Tort Reform Act."[1] especially as to involvement or non-involvement of parties; inclusion in the claim of unknown and unpled parties, requiring the Defendants to plead, by way of answer, cross-claim, counterclaim, or other pleading or motion, identify and produce evidence on the liability of all potential parties, requiring the Defendants to pled, by way of answer, cross-claim, counterclaim, or other pleading or motion, identify, and produce evidence on the liability of all potential parties, or any unnamed persons, entities, or otherwise who may be liable to the Plaintiff or defendants, jointly or severally, or who otherwise are suitable, necessary or indispensable (indispensable and permissive parties and claims) for joinder, for all claims necessary for a full, complete and timely adjudication of all causes and claims,

---

[1]  The Medical Reforms are known as S.B. 281, effective April 9, 2003 (including negligent credentialing statute [i.e., R.C. 2305.251) and H.B. 215, effective September 13, 2004. the declaratory judgment relief sought also seeks that S.B. 120 (joint and several liability), effective April 9, 2003 and S.B. 80 ("tort reform" effective April 7, 2005, including punitive damages R.C. 2315.21) be also declared unconstitutional in total, or as it relates to medical malpractice claims in general (including compensatory damage caps that are totally inadequate for this Plaintiff and the collateral source evidentiary rules that are a denial of due process and equal protection) and this case in particular, as well as all of said acts being declared unconstitutional in their entirety, jointly and severally as to all tort claims, or as they relate to these claims at bar.

including defenses, subrogation, indemnification, adjudication of all causes of action, contribution to any party or potential party to the litigation of any potential claim in this case, which will allow the early and timely resolution of said issues at the pleading stage, prohibition of any special immunities or privileges thereunder.  This declaration is sought prior to the actual litigation of the claims as they are ripe.

63. Plaintiff prays the Court issue a declaratory order finding that the aforementioned statutes are self-contradicting, inconsistent, violate constitutional, common law, existing statutory law, local rules of Court and Evidence Rules 102, 103, 104, 201, 301, 401-405, 408, 602, 607, 608, 611, 613, 616, 801-806, as well as other evidence principles established at common law and/or by Constitution.

64. Plaintiff's decedent's health insurance carrier may or may not have rights or claims in the case at bar, all of which Plaintiff denies by law, right and conduct of said Defendants. Plaintiff avers that the evidentiary rules under the medical claims provisions are a denial of equal protection, due process, right to remedy, and separation of powers doctrines.

65. The Plaintiff maintains the right to bring a claim for the reasonable value of medical expenses for the care and treatment of the decedent, as charged and not as actually paid, including future care and treatment.

66. The Court should order the any medical provider or any subrogated party known by any defendant or otherwise,  to plead their claims immediately and declare their rights or entitlement to said participation or claim for relief and declare the collateral benefits statute, R.C. 2323.41, to be unconstitutional and/or a denial of equal protection as compared to other torts (i.e. R.C. 2315.20), and as violate of collateral benefits evidentiary rules.

67. Should the Court order the Defendants to have the right to present any said claims, the Court should further order that they proceed to do so under the same standards as Plaintiff against the Defendants, by utilizing their own lawyers, naming their own expert and lay witnesses, following all procedures and presenting all evidence as directed by the Rules of Evidence, Ohio Civil Rules, Montgomery County Local Rules, common law, and the scheduling order of the Court, or forfeit said rights if not presented by the pretrial conference.  Civ. R. 16.

68. The Court is requested to declare that health benefit providers are required to present any of its claims, defenses, or otherwise, as an indispensable party and not simply as health care provider/payor of the Plaintiff or Defendants or forfeit said rights.

69. It is requested that all other alleged subrogated parties present their claims and to defend their rights under the tort reform bills, the common law as it existed before their enactment, and state their rights under the laws preventing said subrogation if the statutes are declared unconstitutional.

70. The health care provider further should be ordered, pursuant to the counts of this Complaint, to respond as Defendant for its wrongful conduct in selecting or providing and paying for the incompetent medical providers and substandard care and treatment which proximately resulted in the injuries and damages to the Plaintiff, and being held not entitled to

reimbursement for said incompetent provider's conduct or treatment and care proximately resulting from the results of said conduct.

71. Plaintiff asks that the Court declare the provisions of S.B. 281, relating to Medical Malpractice Claims effective April 9, 2003 and H.B. 215, relating to Medical Liability Actions effective September 13, 2004 and S.B. 120 (joint and several liability) effective April 9, 2003, and the abrogation of the collateral source rule) as well as applicable sections of S.B. 80, tort reform effective April 7, 2005, are unconstitutional as in violation of the provisions of the Ohio and United States Constitutions, both on their face, and as applicable to the Plaintiffs in the case at bar as well as all citizens of Ohio. The Court should acknowledge and declare that these acts are violative of, among other provisions, the Ohio Constitution, the right to equal protection established in Article I, Section 2; the right to a trial by jury established in Article I, Section 5; the right to remedy, due process, and the right to open courts established in Article I, Section 16; Article I, Section 2 prohibiting special rights, immunities and privileges for medical claim providers, the single subject rule established in Article II, Section 15; and the Ohio Supreme Court's authority in prescribing the rules governing practice an procedure in Article IV, Section 5, Due Process and Equal Protection, as well as any other applicable reasons presented to the Court on their face and by way of motion by the Plaintiff.

72. The Attorney General of the State of Ohio will timely be served with a copy of this Complaint pursuant to the requirements of R.C. 2721.12 by certified U.S. Mail service.

## TENTH CAUSE OF ACTION
### (Disgorgement/Unjust Enrichment)

73. Plaintiff incorporates all foregoing paragraphs as if fully rewritten herein.

74. Any Defendant, or potential party, who has charged or was paid for serves rendered to Plaintiffs but is found to have acted tortuously, or in breach of contract, or otherwise wrongfully, or in combination through contract or otherwise, or as a third party has been unjustly enriched.

75. Plaintiff is entitled to complete reimbursement for said services and charges and the aforesaid charges should be disgorged and paid to the Plaintiff, or any real party in interest, who should be ordered to present by responsive pleading, said claim or be declared to have forfeited any right to same.

## ELEVENTH CAUSE OF ACTION
### (Claim for Punitive Damages)

76. Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

77. Defendants' conduct in their treatment of Plaintiff's decedent constitutes the kind of reckless and outrageous behavior, justifying the conclusion that Defendants possessed a willful indifference to the rights and safety of Plaintiff's decedent.

78.  The conduct of Defendants was characterized by a conscious disregard for the rights and safety of Plaintiff's decedent that had a great probability, and did, cause substantial harm to the Plaintiff and Plaintiff's decedent.

79.  Said conduct of Defendants constitutes an act of actual malice and was a reckless act substantially certain to injury others, including Plaintiff and Plaintiff's decedent.

80.  As a direct and proximate result of the negligent, extremely negligent, reckless, wanton, willful and malicious acts of Defendants, Plaintiff and Plaintiff's decedent suffered the injuries and damages as pled herein.

81.  As a direct and proximate result of the negligent, extremely negligent, reckless, wanton, willful and malicious acts of Defendants, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, the Named Plaintiff demands judgment against the Defendants, jointly and severally, to the Plaintiff for the following:

A.  Compensatory damages in an amount greater than $25,000.00;

B.  Punitive damages in an amount greater than $25,000.00;

B.  Funeral expenses incurred by the Plaintiff in an amount to be determined;

C.  Their costs of this action to include reasonable attorney fees;

D.  Pre-judgment and post judgment interest at the statutory rate; and

E.  For such other and further relief to which they may be deemed entitled at law or equity.

Respectfully submitted,

/s/ Dwight D. Brannon
Dwight D. Brannon (0021657)
BRANNON & ASSOCIATES
130 W. Second St.     Suite 900
Dayton, OH  45402
Telephone:    (937) 228-2306
Facsimile:    (937) 228-8475
E-Mail:        dbrannon@branlaw.com

<u>JURY DEMAND</u>

    Plaintiff respectfully demands a trial by jury on all issues presented herein, save those reserved to the Court by law.

                    /s/ Dwight D. Brannon
                    Dwight D. Brannon