UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ADRIENNE A. KAPLAN, | : | Case No. 3:17-cv-233 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| MIAMI VALLEY HOSPITAL, et al., | : | |
| Defendants. | : | |

**ENTRY AND ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (DOC. 9) AND REMANDING CASE TO STATE COURT FOR LACK OF JURISDICTION**

This case is before the Court on the Motion to Dismiss for Failure to Exhaust Administrative Remedies (Doc. 9) filed by Defendant the United States of America (the "Government"). Plaintiff Adrienne A. Kaplan ("Plaintiff") is the surviving spouse of Harry David Kaplan and the administrator of his estate. (Doc. 5 at ¶¶ 1-2.) She alleges that on March 21, 2016, her husband was admitted to Miami Valley Hospital ("MVH") in Dayton, Ohio to undergo the embolization of a branch of his gastroduodenal artery. (*Id.* at ¶ 13.) Mr. Kaplan successfully underwent the procedure that afternoon and was transferred to MVH's intensive care unit to recover. (*Id.* at ¶ 14.) That evening, however, Mr. Kaplan's condition worsened and he passed away later that night. (*Id.* at ¶¶ 16-25.) Plaintiff alleges that her husband's death was caused by the negligence of MVH and the

physicians, nurses and staff who were responsible for his care while he recovered at the hospital. (*Id.* at ¶¶ 3-10.)

One of Mr. Kaplan's physicians at MVH was Dr. John Bini, M.D. (*Id.* at ¶ 5.) Dr. Bini allegedly spoke to Plaintiff about Mr. Kaplan's condition shortly before he passed away. (*Id.* at ¶¶ 23-25.) At the time of Mr. Kaplan's treatment, Dr. Bini was an employee of the United States Department of the Air Force ("Air Force") working at MVH under a Training Affiliation Agreement. (Doc. 9 at 2.) On July 7, 2017, the United States Attorney for the Southern District of Ohio certified that Dr. Bini was working within the scope of his Government employment during the incident alleged in the Complaint. (Doc. 2-1.) The Government thereafter substituted itself as a Defendant for Dr. Bini in this case pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Federal Tort Claims Act"), 28 U.S.C. §§ 2671-2680. (Doc. 2.)

The Government now moves to dismiss Plaintiff's claims against it for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). (Doc. 9 at 1.) The Government argues that the Court lacks jurisdiction because Plaintiff failed to file an administrative claim with an appropriate federal agency for her claims against the Government, as required by the Federal Tort Claims Act. In opposition, Plaintiff argues that the Government was on notice of the claims against Dr. Bini in this lawsuit and, even if not, it waived the right to claim immunity because it failed to disclose to Plaintiff and her husband that Dr. Bini was a federal employee. (Doc. 10.) The Government replied to Plaintiff's opposition—as did Defendants MVH and Patricia Brunett-Wolpert, a Certified Nurse Practitioner, even

though the claims against them are not at issue. (Docs. 11-12.) This matter is therefore ripe for the Court's review.

As discussed below, Plaintiff has not exhausted the administrative remedies for her claims against the Government in this case. Under the Federal Tort Claims Act, the Court does not have jurisdiction over those claims and therefore **GRANTS** the Government's Motion to Dismiss (Doc. 9). As the Court does not have subject-matter jurisdiction over the claims against the remaining Defendants,[1] it also **REMANDS** this case to the Montgomery County Court of Common Pleas for further proceedings.

I. <u>**LEGAL STANDARD**</u>

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim or an entire action for lack of jurisdiction. Such motions fall into two categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The Sixth Circuit defines the two categories as follows:

> A facial attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. *See Scheuer v. Rhodes*, 416 U.S. 232, 235–37, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974). A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, *see Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990), and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

*Ritchie*, 15 F.3d at 598. Here, the Government makes a factual attack on the existence of

---

[1] Dr. Bini removed the case to this Court under 28 U.S.C. § 1442(a)(1) before the Government substituted itself as a defendant on his behalf. (Docs. 1-2.)

subject-matter jurisdiction under the Federal Tort Claims Act.

By enactment of the Federal Tort Claims Act, Congress waived the Government's sovereign immunity for certain tort claims. "Specifically, it allows a plaintiff to sue the federal government for personal injury or property damage 'caused by the negligent or wrongful act or omission' of government employees acting within the scope of their employment." *Zappone v. United States*, No. 16-4111, 2017 WL 3906806, at *2 (6th Cir. Sept. 7, 2017), quoting 28 U.S.C. § 1346(b)(1) and citing *Chomic v. United States*, 377 F.3d 607, 609 (6th Cir. 2004).

Before plaintiffs may bring an action against the Government under the Federal Tort Claims Act, however, they first must present an administrative claim to the appropriate federal agency. 28 U.S.C. § 2675(a). In order to meet the administrative claim requirement, a plaintiff must (1) give the agency "written notice of his or her claim sufficient to enable the agency to investigate", and (2) "place[] a value on his or her claim." *Douglas*, 658 F.2d at 447; *see also Knapp v. United States*, 844 F.2d 376, 379 (6th Cir. 1988). A plaintiff's failure to present an administrative claim will deprive the federal district court of jurisdiction over any claim. *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981); *Ianni v. United States*, 457 F.2d 804 (6th Cir. 1972).

II. **ANALYSIS**

All of Plaintiff's claims in this lawsuit are premised on the care that Mr. Kaplan received at MVH. As alleged in the Complaint, the relevant facts begin with Mr. Kaplan's admission to MVH for a medical procedure and conclude with his death less

than a day later while recovering in the same hospital's intensive care unit. (Doc. 5 at ¶¶ 13-25.)

Plaintiff did not file an administrative claim with a federal agency relating to Mr. Kaplan's care at MVH. She did file an administrative claim, however, regarding her husband's care at Wright Patterson Air Force Base ("WPAFB"). (Doc. 10 at 2-3, Ex. 3.) Plaintiff argues that the Court should construe this administrative claim to cover the Complaint's allegations in this case, but that would not be a reasonable reading of her administrative claim.

In support of her administrative claim, Plaintiff filed two claim forms with the Air Force—the second of which revised and expanded upon the allegations in the first claim form. In the first claim form, Plaintiff expressly asserted that the basis of her claim was a medical procedure performed by Dr. Gregory Meis, D.O. at Wright Patterson Air Force Base Medical Center ("WPAFB"). (Doc. 9-1 at PageID # 114.) In the amended claim form, Plaintiff asserted that "WPAFB Hospital personnel" were negligent for failing "to take appropriate action to surgically control [Mr. Kaplan's] bleeding" and for failing "to have appropriate personnel and equipment to control his bleeding." (*Id.* at PageID 116.)

Plaintiff included in her amended claim form the legal contention that the Air Force, through WPAFB, is responsible for any subsequent damages suffered due to malpractice or negligence at MVH. (Doc. 9-1 at PageID # 119.) This contention—a legal argument included with a claim premised on WPAFB's alleged negligence—was not sufficient to put the Air Force on notice that it should also investigate Dr. Bini's

5

treatment of Mr. Kaplan at MVH. Nor did any of the materials attached to Plaintiff's administrative claim forms identify Dr. Bini as a federal employee or state that Plaintiff was making a claim to the United States based on the treatment that Dr. Bini provided at MVH. Plaintiff therefore did not meet Section 2675(a)'s requirements for an administrative claim against Dr. Bini.

Plaintiff also argues that the Government waived sovereign immunity by "[f]ailing to disclose, and secreting, the status of Dr. Bini as an employee of the U.S. Government." (Doc. 10 at 2.) Plaintiff has not cited any authority for the proposition that the Government (or Dr. Bini) was required to disclose Dr. Bini's status as a federal employee in order to be protected by the doctrine of sovereign immunity and the procedural protections of the Federal Tort Claims Act. Plaintiff attaches a state court decision by the Montgomery County Common Pleas Court holding that Wright State Physicians, Inc. is not entitled to immunity as an instrumentality of the State of Ohio. Even though Dr. Bini was allegedly employed by the same physician practice group, this decision does not address the issue before this Court—whether or not Plaintiff complied with the requirements of the Federal Tort Claims Act before bringing suit against the United States.

Plaintiff lastly argues that failure to comply with Section 2675 may be excused where there are "unusual or extenuating circumstances." (Doc. 10 at 4, quoting *Forest v. United States*, 539 F. Supp. 171, 174 (D. Mont. 1982) (internal quote omitted).) In *Forest*, the district court made exception to the Federal Tort Claims Act's administrative claim requirements in order to protect the rights of minor children. Here, Plaintiff does not

6

allege that the rights of minor children or other extenuating circumstances are at stake. *Cf. Shah v. Quinlin*, 901 F.2d 1241, 1244 (5th Cir. 1990) (holding dismissal was premature where plaintiff was proceeding *pro se* and had shown a "substantial effort to obtain an administrative remedy" and that "irregularities in the administrative process itself prohibited him from exhausting administrative remedies").

As Plaintiff has not complied with the administrative claim requirements of the Federal Tort Claims Act for her claims against the Government, those claims are dismissed.

### III. REMAND TO STATE COURT

In opposition to the Motion to Dismiss, Plaintiff requests that, if the Court dismisses the claims against the Government, this case should be remanded to the state court for lack of jurisdiction. Defendants MVH and Brunett-Wolpert argue that the Court should retain jurisdiction because, after Plaintiff completes the administrative claim process, she is likely to re-assert her claim against the Government in this lawsuit, which will result in this case being removed back to this Court.

The Court is not inclined to retain jurisdiction over this case based on the possibility that Plaintiff may end up re-asserting her claim against the Government after failing to resolve it through the administrative process. The Court therefore remands this case to the Montgomery County Court of Common Pleas for further proceedings.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** the Government's Motion to Dismiss (Doc. 9) and **REMANDS** this case to the Montgomery County Court of Common Pleas due to lack of jurisdiction.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, September 22, 2017.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE